UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, <br> Plaintiff, <br> v. <br> DARRYL WASHINGTON, <br> Defendant. | Case No. 19-cr-00043-YGR-6 (DMR) <br><br> **ORDER DENYING MOTION FOR EMERGENCY RELEASE** |

Defendant Darryl Washington filed a Motion for Emergency Release on Bail Due to Covid-19. [Docket No. 211 (motion); Docket No. 215 (reply)]. The government opposes. [Docket No. 212 (opposition); Docket No. 214 (supplemental brief)]. For the foregoing reasons, Washington's motion is denied.

Washington moves for release pursuant to 18 U.S.C. §3142(i) of the Bail Reform Act, which provides for the temporary release of a person in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Washington argues that both prongs of section 3142(i) apply here. He asserts that he has a compelling reason for temporary release because he is susceptible to contracting the COVID-19 virus while confined in Santa Rita Jail. He states that is particularly vulnerable because he has an artificial hip and also suffers from asthma for which he has been prescribed an inhaler. He further contends that his release is necessary for preparation of his defense because the COVID-19 pandemic has caused Santa Rita to suspend attorney jailhouse visits and he is unable to meet with his counsel in person to review discovery, which consists almost exclusively of audio and video surveillance materials. Washington argues that these circumstances prevent him from being able to meaningfully review the discovery and discuss his

case with counsel in order to respond to the government's communications about case resolution and to otherwise prepare his defense.

The government responds that Washington opportunistically is using the COVID-19 outbreak to seek reconsideration of the court's prior detention orders.[1] With respect to Washington's stated health concerns, it argues that his release into the community would not necessarily decrease his risk of contracting the virus. The government further contends that Washington has overstated his health vulnerabilities. They describe him as a young person in general good health, with only two conditions of note: an artificial hip that causes some pain and well-controlled asthma for which Washington has refused medication. With respect to Washington's arguments about his need for release to prepare his case, the government responds that suspension of contact visits at Santa Rita Jail is temporary and that if Washington were truly concerned about his current ability to prepare his case, he is still able to have non-contact attorney visits in a glass-partitioned room at the jail.

The court acknowledges that Washington faces increased health risks because he is an incarcerated person whose circumstances prevent the ability to consistently follow social distancing and other vital virus-prevention protocols. Although he is only 30 years old, he has asthma and has had persistent pain problems with his artificial hip. Nevertheless, he has not convinced the court that he should be given temporary release pursuant to section 3142(i).

To begin with, the court detained Washington in February 2019, in accordance with the recommendation of Pretrial Services. The court held that the government had met its burden by clear and convincing evidence that Washington poses a danger to the community that no release conditions could mitigate. The reasons supporting this outcome included the fact that he is charged in a multiple-defendant case that involves drug and firearms dealing allegations. He is a 30-year old with a 20-year criminal history that started with a juvenile detention as a 10-year old for assault with a deadly weapon and reflects six prior felony convictions, two of them for gun-

---

[1] The court originally detained Washington after a contested bail hearing, (Docket No. 28), and subsequently denied a section 3142(i) request for temporary release to seek outside medical treatment for his hip. [Docket No. 112].

2

related crimes. In addition, the terms of his probation have been modified or revoked multiple times, including a revocation that resulted in a two-year prison term. Washington was on county probation at the time that he was arrested in this case. In short, Washington is a high-risk individual. His release could endanger others, and he has a proven track record of not being amenable to supervision.

Moreover, the court agrees with the government that Washington's release is not "necessary for preparation" of his defense. The government points out, and Washington does not dispute, that the pandemic has slowed the pace of this multi-defendant case at least for now, and a trial date has yet to be set. In any event, Washington has so far agreed to time exclusions exceeding one year.

Finally, Washington is noticeably silent on a key aspect of his request. He claims that if released, he will live with "an appropriate custodian," and is agreeable to any reasonable restriction, such as electronic monitoring. However, he does not identify a single "appropriate custodian." As reflected in the original bail study, Pretrial Services contacted the individuals identified by Washington at that time, and found no viable sureties to mitigate the risk of flight, and ultimately recommended that no conditions – including imposition of a custodian – could reasonably mitigate against the risk of danger that Washington's release poses to the community.

For the foregoing reasons, Washington's request is denied.

**IT IS SO ORDERED.**

Dated: April 7, 2020

DONNA M. RYU
United States Magistrate Judge

3